UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEON EUGENE MILLER,

    Petitioner,

v.

GARY FLEMING,

    Respondent.

No. C04-1289P

ORDER DENYING RESPONDENT'S MOTION FOR STAY

This matter comes before the Court on Respondent's motion to stay the writ of habeas corpus previously issued by this Court. (Dkt. No. 41). Having reviewed the materials submitted by the parties and the balance of the record in the case, the Court hereby DENIES Respondent's motion and ORDERS the State of Washington to release Petitioner Leon Miller from community custody within fourteen (14) days of the date of this Order unless the State institutes retrial proceedings within that time period. The State may defer a decision on whether to retry Mr. Miller until a reasonable period of time after the appeals process in this case is completed. The reasons for the Court's Order are set forth below.

**Analysis**

By prior order, the Court granted Mr. Miller's petition for a writ of habeas corpus. Mr. Miller challenged his conviction in Spokane County Superior Court, for which he was sentenced to

ORDER - 1

66 months in prison. By the time the Court granted the habeas petition, Mr. Miller had already been released from prison by the State. However, Mr. Miller is still serving a 36-month community custody term. According to his counsel, Mr. Miller has served approximately four months in community custody.

 Fed. R. App. P. 23(c) provides:

> While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety.

This rule "creates a presumption of release from custody" during appeal of an order granting a habeas petition, although that presumption may be overcome. Hilton v. Braunskill, 481 U.S. 770, 774 (1987). The Supreme Court has listed the following factors for a district court to consider in determining whether to stay a decision granting a habeas petition or whether to release a prisoner pending appeal:

> (1)  whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2)  whether the applicant will be irreparably injured absent a stay;
> (3)  whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4)  where the public interest lies.

Id. at 776.

 With respect to the first factor, Respondent has a fair chance of success on appeal. The Court granted the habeas petition because the state trial court admitted "testimonial" statements to a police officer – an undisputed violation of Petitioner's constitutional rights under Crawford v. Washington, 541 U.S. 36 (2004). However, it is possible that the Ninth Circuit may regard the admission of such testimonial statements as harmless error. In addition, the Court's decision to grant the habeas petition turned on the Ninth Circuit's decision in Bockting v. Bayer, 399 F.3d 1010 (9th Cir. 2005), which made Crawford retroactive to collateral proceedings. Because several other circuits have held that Crawford does not apply retroactively, it is possible that Bockting could be reversed by the

ORDER - 2

Supreme Court while the state's appeal is pending.  In all, the Court finds that Respondent has shown a fair, but not strong, likelihood of success on appeal.[1]

Second, there is little if any evidence that Respondent will be irreparably injured absent a stay. Respondent suggests that if a stay is not issued, the State will be required to retry Mr. Miller while the appeal is pending, resulting in potentially needless expense. However, nothing in the Court's order granting the habeas petition prevents the State from deferring a decision on whether to retry Mr. Miller until the appeals process is completed. To make this point clear, the Court explicitly provides in this Order that the State may retry Petitioner within a reasonable period of time if it is unsuccessful on appeal. Furthermore, Respondent does not suggest that an immediate retrial pending appeal is necessary to protect public safety. Indeed, the State had already released Mr. Miller from prison before the Court granted his habeas petition.

Third, a stay would substantially injure Mr. Miller. He has already spent approximately five years in prison and is now four months into thirty-six months of community custody. Delaying his release while the appeal is pending would likely leave him in custody for a significant portion of the remaining community custody sentence.

Finally, Respondent has not demonstrated that the public interest favors a stay. In weighing this factor, the Court should consider the possibility of flight and whether the state has established that there is a risk that the prisoner will pose a danger to the public if released. Hilton, 481 U.S. at 777; Franklin v. Duncan, 891 F. Supp. 516, 521 (N.D. Cal. 1995). Here, Respondent does not argue that Mr. Miller is a flight risk, nor does Respondent maintain that releasing Mr. Miller from community custody would pose a danger to the public. Mr. Miller has already served his prison term and was living in the community prior to the Court's order granting his habeas petition. He is over fifty years old and does not have an extensive criminal record.

---

[1] Respondent appears to suggest that it is only necessary to demonstrate a "substantial case on the merits" in order to demonstrate that a stay is warranted. (Dkt. 41 at 3). However, the Supreme Court has held that if the state can "demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." Hilton, 481 U.S. at 778 (emphasis added).

ORDER - 3

The Supreme Court has noted that "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal . . . will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." Hilton, 481 U.S. at 777. Here, the remaining portion of Petitioner's sentence is not long. His prison term has been completed and he has served part of his community custody sentence.

Therefore, the Court finds that Respondent's motion for a stay should be denied. Mr. Miller has already served the prison term imposed by the state court, and Respondent has not demonstrated that staying Mr. Miller's release from community custody pending appeal is warranted under the factors identified by the Supreme Court in the Hilton decision.

**Conclusion**

The Court DENIES Respondent's motion for a stay and ORDERS that Petitioner Leon Miller be released from community custody by the State of Washington within fourteen (14) days of the date of this Order unless the State institutes retrial proceedings within that time period. The State may defer a decision on whether to retry Mr. Miller until a reasonable period of time after the appeals process in this case is completed.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: April 3, 2006.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 4