UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEON EUGENE MILLER,<br><br>                    Petitioner,<br><br>v.<br><br>GARY FLEMING,<br><br>                    Respondent. | No. C04-1289P<br><br>ORDER ON PETITIONER'S MOTION FOR WITHDRAWAL OF COUNSEL AND APPOINTMENT OF COUNSEL ON APPEAL |

      This matter comes before the Court on Petitioner's motion for withdrawal of counsel and appointment of counsel on appeal. (Dkt. No. 44). No opposition to this motion has been filed. Having considered the papers and pleadings filed in support of the motion and the balance of the record in this case, the Court hereby GRANTS Petitioner's motion, subject to the provisions discussed below.

      Petitioner's current counsel is Richard Linn. Mr. Linn successfully represented Petitioner in obtaining a writ of habeas corpus, a decision that Respondent has appealed. Mr. Linn is a legal services contractor for inmates at Monroe Correctional Complex (MCC) and represented Petitioner under that contract. Because Petitioner has been released from prison, Petitioner is no longer eligible for Mr. Linn's services under the MCC contract. Mr. Linn asks for permission to withdraw as Petitioner's counsel and for the Court to appoint counsel for Petitioner on appeal.

ORDER - 1

18 U.S.C. § 3006A(c) provides that "[i]f at any stage of the proceedings, including an appeal, the . . . court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel . . . as the interests of justice may dictate." Because Petitioner has been released from prison, it appears that he is no longer eligible for legal services under Mr. Linn's contract with the state Department of Corrections. It also appears that Petitioner is financially unable to pay counsel. Petitioner was previously granted leave to proceed in forma pauperis in this matter and he is not currently employed.

In addition to Petitioner's financial ability to afford counsel, the Court also must consider: (1) Petitioner's ability to articulate his claims in light of the complexity of the legal issues, and (2) the likelihood of success on the merits. <u>Weygandt v. Look</u>, 718 F.2d 952, 959 (9th Cir. 1983). Both factors weigh in favor of appointment of counsel. This matter presents complex legal issues which Petitioner could not be expected to articulate adequately as a pro se litigant. In addition, Petitioner has demonstrated a likelihood of success on the merits, given that he has already prevailed in this Court.

Therefore, the Court hereby ORDERS the appointment of counsel for Petitioner on appeal pursuant to 18 U.S.C. § 3006A. The Clerk is directed to take appropriate steps to secure the appointment of counsel for Petitioner on appeal. Mr. Linn will be permitted to withdraw as Petitioner's counsel after new counsel has been appointed.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: April 4, 2006.

                                            s/Marsha J. Pechman
                                            Marsha J. Pechman
                                            United States District Judge

ORDER - 2